# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

**VERSACE ALAN SCOTT**                                                                                          **PLAINTIFF**

**v.**                                 **CIVIL ACTION NO. 1:23CV-P130-JHM**

**LOGAN COUNTY JAIL**, *et al.*                                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Versace Alan Scott, an inmate at the Logan County Detention Center, filed the instant *pro se* civil-rights action. This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some claims and allow some claims to proceed.

## I. PROCEDURAL BACKGROUND

On October 12, 2023, Plaintiff filed an initial complaint pursuant to 42 U.S.C. § 1983 alleging in part that he was "kidnapped" on August 19, 2023, and brought to the Logan County Detention Center on false charges. [DN 1]. Soon thereafter, he filed seven more cases raising similar claims which were consolidated into this case. Plaintiff's complaints were added to the docket of this case as amended complaints. [DN 13; DN 15; DN 17; DN 19; DN 21; DN 23; DN 26]. As a consolidated action, he has sued the Logan County Jail (Logan County Detention Center, hereinafter "LCDC"); Logan County Sherriff's Department; Logan County; and Quinton Wright, Clayton Hall, Mintchie, Captain Garcia, Luke Whittaker, Cameron Dye, Tina Ashby, Kia Beard, Patricia Fuller, and Chasity Hollaway in their individual and official capacities.[1] By letter

---

[1] Although Plaintiff only sues Defendants Wright, Hall, and Mintchie in their official capacity, the Court construes Plaintiff's claims against Defendants Wright, Hall, and Mintchie as claims brought against them in <u>both</u> their individual and official capacities.

filed February 2, 2024 [DN 24], Plaintiff corrected the amount of damages he seeks for the alleged deprivation of his rights against Defendant Dye.

## II. SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff is a pretrial detainee currently housed at the LCDC. Plaintiff alleges that on August 19, 2023, he was "kidnapped" by Defendants Deputies Wright and Hall, with the Logan County Sheriff's Department, and arrested on nine fake charges with the intent to kill him.[2] [DN 1 at 5; DN 13 at 2, 4; DN 15 at 2, 4]. Plaintiff contends that he was booked by Defendant Deputy Jailer Dye "on false charges for retaliation for reporting my first attempted murder to the FBI." [DN 21 at 4].

Plaintiff asserts that upon arrival at the LCDC, Defendant Wright and others[3] "handcuffed and beat[]" Plaintiff and "tried to cut [his] throat." [DN 1 at 5; DN 13 at 2, 4; DN 15 at 2, 4; DN 21 at 4]. According to Plaintiff, Defendant Deputy Jailer Captain Garcia then placed him in a restraint chair, wheeled him into booking, and "on camera sliced my arms and wrist 7 time to the Bone." [DN 1 at 5; DN 13 at 4; DN 15 at 4; DN 17 at 4]. Plaintiff maintains that Defendant Deputy Jailer Mintchie witnessed the alleged assault and failed to intervene. [DN 19 at 3]. Plaintiff further alleges that Defendant Garcia wheeled him into the drunk tank, "shot a needle into the cut mark and said she just injected [him] with HIV Virus," and attempted to slice his ankles. [*Id.*]. Plaintiff claims that Defendants conspired "to end my life."[4] [DN 23 at 4; DN 21 at 4]. Plaintiff claims that all this conduct occurred in retaliation for his "ratting on" two other officers

---

[2] Plaintiff further alleges that Defendants put "34 false felonies on me." [DN 13 at 5].
[3] A review of the complaints reflect that Plaintiff alleges that Defendants Hall and Dye either participated in the alleged excessive force or failed to intervene to stop the excessive force. *See* [DN 21 at 5].
[4] From a review of the complaints, it appears that Plaintiff alleges only that Defendants Wright, Hall, and Luke Whittaker, Tina Ashby, Garcia, Mintchie, and Dye conspired "to end my life." [DN 1, at 5; DN 17 at 4; DN 23 at 4; DN 21 at 4]. Out of an abundance of caution, the Court will construe the allegation as against all Defendants in their individual capacities.

from the Logan County Sherriff's Drug Task Force regarding an incident that occurred on October 13, 2022. [DN 1 at 6].

Additionally, Plaintiff claims that Defendant Logan County Sheriff Deputy Luke Whittaker violated his rights by refusing to give Plaintiff a police report on the alleged October 13, 2022, attempted murder. [DN 23 at 4]. Plaintiff also states that Defendant Whittaker "was one who hijacked my brain." [*Id.* at 5]. Plaintiff also alleges that after he "reported the second attempted murder," "they all tried to cover it up" by refusing to give him the names of certain individuals, throwing his lawsuit forms away, and placing a stop on his outgoing mail to the federal courts. [DN 21 at 5]. Finally, Plaintiff sues Defendants LCDC Nurse Ashby and Deputy Jailers Hollaway, Beard, and Fuller for "failure to report two attempted murders" or "felony crimes" to law enforcement. [DN 26 at 4].

Plaintiff seeks money damages and injunctive relief in the form of releasing him from custody.

### III. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

3

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## IV. DISCUSSION

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. LCDC and Logan County Sheriff's Department

LCDC and Logan County Sheriff's Department are not "persons" subject to suit under § 1983 because municipal departments, such as detention centers or sheriff's departments, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a

police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Servs.*, No. 99-6706, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Logan County is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). The Court therefore will construe the claims against Defendants LCDC and Logan County Sheriff's Department as claims brought against Logan County. *See Matthews v. LMPD*, No. 3:19-CV-P581-RGJ, 2019 WL 5549209, at *2 (W.D. Ky. Oct. 25, 2019). The Court will therefore dismiss the claims against LCDC and Logan County Sheriff's Department for failure to state a claim for which relief can be granted.

### B. Official-Capacity Claims and Logan County

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants are actually against their employer, Logan County.

"[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. When a § 1983 claim is made against a municipality such as Logan County, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality as an entity is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S.

at 691. The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff does not allege a policy or custom that was the moving force behind the alleged constitutional violations. Accordingly, the Court will dismiss the claims against Logan County and Defendants in their official capacity for failure to state a claim upon which relief may be granted.

### C. Individual Liability Claims

#### 1. Fourth Amendment Malicious Prosecution

Plaintiff's malicious-prosecution claims have not accrued and will not accrue unless or until the charges against him are terminated in his favor. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Heck v. Humphrey*, 512 U.S. 477, 484, 489–490 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."); *Rainey v. Kentucky*, No. 3:19-CV-P835-DJH, 2021 WL 136415, at *2 (W.D. Ky. Jan. 13, 2021) ("A malicious-prosecution claim accrues when the criminal proceedings are terminated in the criminal-defendant's favor.") (citing *King v. Harwood*, 852 F.3d 568, 578–79 (6th Cir. 2017)); *McKenzie v. Day*, No. 3:19-CV-287, 2019 WL 4228369, at *2 (E.D. Tenn. Sept. 4, 2019) ("A claim under § 1983 for malicious prosecution accrues when the underlying criminal proceeding is terminated in Plaintiff's favor.") (citing *McCune v. Cnty. of Grand Rapids*, 842 F.2d 903, 907 (6th Cir. 1988)). Therefore, the Court will dismiss the malicious prosecution claims without prejudice to Plaintiff bringing a civil action when the charges against him have been terminated in his favor. *See Weron v. Cherry*, No. 1:08-CV-201, 2008 WL 4614335, at *4

(E.D. Tenn. Oct. 14, 2008) ("[T]he claim for malicious prosecution will be dismissed without prejudice because it is not ripe for review and Weron is precluded from pursuing this claim at this time.") (emphasis deleted).

### 2. Fourth Amendment False Arrest

Upon review, the Court will allow Plaintiff's § 1983 Fourth Amendment False Arrest claims to continue against Defendants Wright and Hall in their individual capacities.

### 3. Fourth and Fourteenth Amendment Excessive Force

Excessive force claims can be raised under the Fourth, Eighth, and Fourteenth Amendments. *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013). "Which amendment should be applied depends on the status of the plaintiff at the time of the incident; that is, whether the plaintiff was a free citizen, convicted prisoner, or fit in some gray area in between the two." *Id.* The Fourth Amendment applies to free citizens; the Eighth Amendment applies to convicted persons; and the Fourteenth Amendment applies to pretrial detainees. *Id.*

Given the information contained in the complaints, a question exists regarding whether the Fourth or Fourteenth Amendment governs the constitutionality of the Defendants' alleged conduct. *See Aldini v. Johnson*, 609 F.3d 858, 865 (6th Cir. 2010). "[T]he point at which the Fourth Amendment's prohibition against unreasonable seizures ends and the Fourteenth Amendment's substantive due process right begins is not always obvious." *Colson v. City of Alcoa, Tennessee*, 37 F.4th 1182, 1187 (6th Cir. 2022) (citing *Graham v. Connor*, 490 U.S. 386, 393–95 (1989)). In *Aldini*, the Sixth Circuit "held that when a person in custody asserts an excessive force claim against an officer, a judicial determination of probable cause is the 'dividing line' between application of the two amendments." *Colson*, 37 F.4th at 1187 (citing *Aldini*, 609 F.3d at 865–66). "Under the *Aldini* paradigm, the Fourth Amendment governs an excessive force claim

brought by an "arrestee"—one who has been arrested but has not yet received a judicial determination of probable cause, either through an arrest warrant or a post-arrest probable cause hearing." *Id.* "The Fourteenth Amendment, on the other hand, provides the same protection for a 'pretrial detainee'—a person who has received a judicial determination of probable cause but has not yet been adjudicated guilty of a crime. *Id.*; *see also Mosier v. Evans,* 90 F.4th 541, 546 (6th Cir. 2024).

Because the Court cannot discern at this stage of the litigation whether Plaintiff had received a judicial determination of probable cause, *i.e.* either through an arrest warrant or a post-arrest probable cause hearing, the Court will allow Plaintiff's § 1983 Fourth and Fourteenth Amendment excessive force claims to continue against Defendants Wright, Hall, Dye, and Garcia in their individual capacities.

### 4. *First Amendment Retaliation*

Upon review, the Court will allow Plaintiff's § 1983 First Amendment retaliation claims to continue against Defendants Wright, Hall, Dye, Garcia, and Mintchie in their individual capacities.

### 5. *Fourth and Fourteenth Amendment Failure to Intervene*

Upon review, the Court will allow Plaintiff's § 1983 Fourth and Fourteenth Amendment claims for failure to intervene to continue against Defendant Mintchie, Hall, and Dye in their individual capacities.

### 6. *Conspiracy to Commit Murder*

Plaintiff claims that Defendants conspired "to end my life." The Court allowed Plaintiff's claims for excessive force and failure to intervene to proceed against Defendants Wright, Hall,

8

Dye, Garcia, and Mintchie. To the extent Plaintiff is attempting to assert a separate claim for conspiracy, the claim fails.

Under § 1983, a civil conspiracy is "'an agreement between two or more persons to injure another by unlawful action.'" *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (quoting *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007)). "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). To state a claim of conspiracy, Plaintiff must allege the elements that make up a conspiracy claim: that a single plan existed; that the alleged co-conspirators shared in the general conspiratorial objective to deprive Plaintiff of his constitutional or federal statutory rights; and that an overt act was committed in furtherance of the conspiracy that caused injury. *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985).

The complaints contain no facts that would allow the Court to draw a reasonable inference that Defendants engaged in a conspiracy before the alleged assault of Plaintiff to violate his constitutional rights. Plaintiff makes only conclusory allegations that a conspiracy existed. "The 'web of inference[s] is too weak' on the alleged facts to permit a finding, 'absent sheer speculation,' that [Defendants] shared ... [an] unlawful objective." *Bazzi*, 658 F.3d at 603 (quoting *United States v. Sliwo*, 620 F.3d 630, 637 (6th Cir. 2010)). Accordingly, Plaintiff's § 1983 conspiracy claims will be dismissed for failure to state a claim.

### 7. Failure to Report a Felony

As to Plaintiff's claims against Defendants Ashby, Hollaway, Beard, and Fuller for their alleged failure to report Plaintiff's attempted murder or other felony crimes, the Court will dismiss these claims because Plaintiff points to no federal law or constitutional rule which this alleged

failure to report violates, as § 1983 requires. *See Scott v. Kerr*, No. 1:24-CV-P5-JHM, 2024 WL 385710, at *3 (W.D. Ky. Feb. 1, 2024); *Scott v. Williams*, No. 1:24-CV-P11-JHM, 2024 WL 116316, at *2 (W.D. Ky. Jan. 10, 2024).

### 8. *Failure to Provide Plaintiff with Police Report*

Similarly, the Court will likewise dismiss Plaintiff's claim against Defendant Whittaker for failure to provide Plaintiff with a police report from his alleged attempted murder on October 13, 2022, or failure to file a police report on his behalf regarding the alleged attempted murder. "[T]here is no constitutional right 'to demand the police . . . produce a police report.'" *Robinson v. Las Vegas Metro. Police Dep't*, No. 221CV01072GMNVCF, 2022 WL 980584, at *3 (D. Nev. Mar. 31, 2022) (quoting *Greenberg v. City & Cty. of San Francisco*, No. 19-cv-00490-YGR, 2019 WL 4034016, at *1 (N.D. Cal. Aug. 27, 2019) (citing *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768 (2005))). Furthermore, Plaintiff does not have a constitutional right to file a police report. *Miller v. Kohls*, No. 2:15-CV-152-PRC, 2016 WL 51109, at *2 (N.D. Ind. Jan. 4, 2016); *see also Hamby v. Parker*, No. 3:17-CV-01596, 2018 WL 2264418, at *3 (M.D. Tenn. May 15, 2018) ("individuals have no constitutional right to file a police report"); *Etienne v. EBR-COA*, No. CV 17-445-SDD-RLB, 2018 WL 2124890, at *3 (M.D. La. Apr. 17, 2018) ("Failure to file a police report, even by the police, is not a constitutional violation."); *Correia v. Town of Framingham*, 969 F. Supp. 2d 89, 98 (D. Mass. 2013) (concluding that an officer's failure to write a police report, even in furtherance of a conspiracy, "does not constitute an independent constitutional violation").

### 9. *Hijacked Brain*

Plaintiff alleges that Defendant Whittaker "was one who hijaked my brain." [DN 23 at 5]. This Court concludes that this claim must be dismissed as frivolous because Plaintiff's claim that

10

a local law enforcement official implanted a device in his head to track his thoughts is fantastic or delusional.

A claim has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)).

"Numerous cases have rejected as delusional or fantastic claims by prisoners that transmitters, microchips, tracking devices, or other devices have been implanted inside of a prisoner's body or brain to monitor or control his thoughts or activities." *Henry v. Pozios*, No. 2:23-CV-10788, 2023 WL 3213539, *4 (E.D. Mich. May 2, 2023) (citing, among others, *Manco v. Does*, 363 F. App'x 572, 575 (10th Cir. 2010) (district court did not abuse its discretion when it held that state inmate's claims related to tracking device that prison officials had allegedly implanted in his body to track his movements and thoughts were frivolous, where there was no evidence to support inmate's theory that numerous state officials monitored his thoughts and sent him inaudible, profane messages); *Abascal v. Jarkos*, 357 F. App'x 388, 390 (2d Cir. 2009) (dismissing as fantastic or delusional claim that prison doctors and officials were deliberately indifferent in using equipment to control plaintiff's thoughts and behavior and remotely inflict pain)).

## IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

(1) The Court allowed the following claims to proceed: Plaintiff's Fourth Amendment False Arrest claims against Defendants Wright and Hall in their individual capacities; Plaintiff's

11

Fourth and Fourteenth Amendment Excessive Force claims against Defendants Wright, Hall, Dye, and Garcia in their individual capacities; Plaintiff's First Amendment retaliation claims against Defendants Wright, Hall, Dye, Garcia, and Mintchie in their individual capacities; and Plaintiff's Fourth and Fourteenth Amendment claims for failure to intervene against Defendants Mintchie, Hall, and Dye in their individual capacities. In allowing these claims to proceed, the Court passes no judgment upon their merit or the ultimate outcome of this action.

(2) Plaintiff's claims against Logan County, LCDC, Logan County Sheriff's Department, all official capacity claims, and Defendants Ashby, Hollaway, Beard, and Fuller in their individual capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Since no claims remain against them, the Clerk of Court is **DIRECTED** to terminate these Defendants as parties to the action.

(3) Plaintiff's claims for malicious prosecution, conspiracy to commit murder, failure to report a felony, failure to provide a police report, and hijacking his brain are dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

(4) The Court will enter a separate Service and Scheduling Order to govern the development of the claims it has allowed to proceed.

Date: February 9, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014